

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00388-CR
### NO. 02-14-00389-CR

KENNETH DALE BAKER                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1340742D, 1382964R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kenneth Dale Baker appeals his convictions for sexual assault and robbery. *See* Tex. Penal Code Ann. §§ 22.011(a)(1), 29.02 (West 2011). In his sole point, Baker argues that the trial court committed reversible error when it overruled his objection to the granting of the State's challenge for cause to venireperson 20. We will affirm.

---
[1]*See* Tex. R. App. P. 47.4.

During the State's voir dire, the prosecutor discussed what is necessary under the law to prove bodily injury and asked, "Does anybody think that maybe I should have to bring injuries, medical injuries, other than the person saying it hurt when I got whacked on the head?  Anybody?"  A venireperson said, "I feel it's a he said/she said unless you actually have something documenting the actual injuries."  Another venireperson said, "I think there needs to be -- yes, more supportive evidence that there was more than, ow, it hurt."  The prosecutor then asked if anyone else agreed, and venireperson 20 answered, "I agree.  Because reasonable doubt, he said/she said."  The prosecutor further questioned venireperson 20:  "So you're saying that you would require the State to bring additional evidence in addition to the elements that we're required to prove and the element specifically bodily injury, you would require more additional evidence?"  Venireperson 20 replied, "Well, because I wouldn't be able to go by he said/she said."

At the conclusion of voir dire, the State made the following challenge to venireperson 20:

> [PROSECUTOR]:  The State would challenge Juror No. 20 . . . for two reasons.  First of all, she would hold the State to a higher burden of proof when proving the element of pain required in robbery.  She would require some type of medical or other evidence establishing pain.
>
> And addition -- in addition to that, she could not follow the one witness rule.  She said it's just a he said/she said situation. So we would challenge her on those two bases.

2

[DEFENSE COUNSEL]: Judge, we -- we think those challenges are -- are -- provide incorrect reason for a challenge for cause. Those are -- those are sufficiency questions that are left to the jurors. Even though appellate courts have said one witness is all that is required, there's no requirement that the juror themselves be able to convict based on the testimony of one witness. Could be one, two, three witnesses. So we believe that's -- that's a challenge for cause that should not be granted.

THE COURT: All right. I'll grant that and note your exception.

In his sole point, Baker argues that the trial court committed reversible error when it overruled his objection to the granting of the State's challenge for cause to venireperson 20. Baker first argues that the trial court erred by granting the State's challenge because the trial court erroneously excused venireperson 20 even though the State did not meet its burden of showing that venireperson 20 was unable to follow the law. Baker further argues that the trial court's erroneous granting of the State's challenge for cause to venireperson 20 deprived him of a lawfully constituted jury under Texas Code of Criminal Procedure article 35.16. *See* Tex. Code Crim. Proc. Ann. art. 35.16 (West 2006).

The Texas Court of Criminal Appeals has held that an appellate court need not decide whether a trial court erred by excusing a specific venireperson when the record fails to show that the error deprived the appellant of a lawfully constituted jury. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Thus, in order for this court to reverse, the record must show that the jurors who actually sat were not impartial. *See id.*

3

In this case, Baker does not argue, and the record does not reflect, that the jurors who sat were not impartial. Instead, his argument implies that because the State allegedly failed to show that venireperson 20 could not follow the law, venireperson 20 should have been seated on the jury. The Texas Court of Criminal Appeals, however, has stated, "The defendant's only substantial right is that the jurors who do serve be qualified. The defendant's rights go to those who serve, *not to those who are excused.*" *Jones v. State*, 982 S.W.2d 386, 393 (Tex. Crim. App. 1998) (emphasis added), *cert. denied*, 528 U.S. 985 (1999).

Because there is nothing to indicate that the jurors were anything but impartial, we hold that Baker has failed to demonstrate that he was deprived of a lawfully constituted jury. *See Gamboa*, 296 S.W.3d at 580 (holding appellant's complaint—that because of the allegedly erroneous excusal, his ability to have a compatible jury was negated—insufficient to show he was deprived of a lawfully constituted jury); *Jones*, 982 S.W.2d at 394 (holding record failed to show that the erroneous excusing of a veniremember deprived appellant of a lawfully constituted jury); *Hernandez v. State*, No. 02-12-00392-CR, 2014 WL 1510093, at *2 (Tex. App.—Fort Worth Apr. 17, 2014, no pet.) (mem. op., not designated for publication) (same). We overrule Baker's sole point.

Having overruled Baker's sole point, we affirm the trial court's judgments.


                                        /s/ Sue Walker
                                        SUE WALKER
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2015